## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRIAN KIRK MALPASSO<br>39034 Cooney Neck Road<br>Mechanicsville, St. Mary's County,<br>MD 20659, *and*<br><br>MARYLAND STATE RIFLE AND PISTOL<br>ASSOCIATION, INC.<br>307 W. Pennsylvania Avenue<br>Towson, Baltimore County, MD 21204<br><br>*Plaintiffs*,<br><br>v.<br><br>WILLIAM M. PALLOZZI, in his official<br>capacity as Maryland Secretary of State Police,<br>Department of State Police<br>1201 Reisterstown Road<br>Pikesville, Baltimore County, MD 21208,<br><br>*Defendant*. | Civil Action No. 18-1064 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Brian Kirk Malpasso and the Maryland State Rifle and Pistol Association, Inc. (collectively "Plaintiffs"), by and through the undersigned attorneys, file this Complaint against the above-captioned Defendant, in his official capacity as the Secretary of Maryland's Department of State Police. Plaintiffs seek declaratory and injunctive relief: a declaration that Maryland's limitation of the right to carry handguns to those who can satisfy licensing officials that they have a "good and substantial reason" to exercise that right is unconstitutional under the Second and Fourteenth Amendments to the United States Constitution, and an injunction compelling Defendant to refrain from enforcing that invalid limit and to issue handgun carry licenses to Plaintiff Malpasso and members of Plaintiff Maryland State Rifle and Pistol

Association or to otherwise allow such persons to exercise their right to carry handguns outside the home. In support of their Complaint against Defendant, Plaintiffs hereby allege as follows:

## INTRODUCTION

1.      The Second Amendment to the United States Constitution guarantees "the right of the people to keep and bear Arms." U.S. CONST. amend. II. When the People, by enacting that amendment, enshrined in their fundamental charter the right to "carry weapons in case of confrontation" for the "core lawful purpose of self-defense," *District of Columbia v. Heller*, 554 U.S. 570, 592, 630 (2008), they did not mean to leave the freedom to exercise that right at the mercy of the very government officials whose hands they sought to bind. No, "[t]he very enumeration of the right takes out of the hands of government . . . the power to decide on a case-by-case basis whether the right is *really worth* insisting upon." *Id.* at 634.

2.      In defiance of that constitutional guarantee, Maryland has seized precisely the power forbidden it by the Second Amendment: the power to decide, on a case-by-case basis, whether an applicant for a license to "carry weapons in case of confrontation," *id.* at 592, has, in the State's estimation, shown a sufficiently "good and substantial reason" that a license should issue, MD. CODE PUB. SAFETY § 5-306(a)(6)(ii).

3.      Worse still, Maryland has made clear that a general desire to carry a handgun for the purpose of self-defense—"the *central component*" of the Second Amendment, *Heller*, 554 U.S. at 599 (emphasis added)—is not a sufficiently good reason to exercise the right. Instead, according to Maryland, an ordinary citizen must provide *documented evidence* of *concrete threats* or recent assaults to obtain a permit from the state to carry a handgun in public. That restriction is akin to a state law concluding that the general desire to advocate for lawful political change is not a sufficiently "good and substantial reason" to exercise the right to free speech, and

it cuts to the very core of the Second Amendment, no less than such a restriction would gut the First.

4.     Indeed, the practical effect of Maryland's "good and substantial reason" requirement is to make it wholly illegal for *typical* law-abiding citizens to carry handguns in public—for by definition, these ordinary citizens cannot make the *atypical* showing that they face a specific, documented threat to their safety.

5.     Plaintiff Malpasso is an ordinary, law-abiding citizen of Maryland who wishes to carry a handgun outside his home for the purpose of self-defense. He has passed all required background checks, completed all required firearm training courses, and met every other qualification imposed by Maryland on the eligibility for a permit to carry handguns in public— except that like the vast majority of ordinary, law-abiding Maryland residents, he cannot document a specific clear and present threat to his safety. Accordingly, Defendant determined that Mr. Malpasso has not shown a "good and substantial reason" why he should be allowed to exercise his Second Amendment rights, and he denied his permit application. That result simply cannot be squared with the rights guaranteed by the Second Amendment.

6.     Plaintiffs acknowledge that the result they seek is contrary to *Woollard v. Gallagher*, 712 F.3d 865 (4th Cir. 2013), but, for the reasons explained in *Wrenn v. District of Columbia*, 864 F.3d 650 (D.C. Cir. 2017), that case was wrongly decided. They therefore institute this litigation to vindicate their Second Amendment rights and to seek to have *Woollard* overruled.

## JURISDICTION AND VENUE

7.     This Court has subject-matter jurisdiction over Plaintiffs' claim under 28 U.S.C. §§ 1331 and 1343.

8.      Plaintiffs seek remedies under 28 U.S.C. §§ 1651, 2201, and 2202 and 42 U.S.C. §§ 1983 and 1988.

9.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) & (b)(2).

## PARTIES

10.     Plaintiff Brian Kirk Malpasso is a citizen of the United States and a resident and citizen of the State of Maryland. He resides at 39034 Cooney Neck Road, Mechanicsville, MD 20659.

11.     Plaintiff Maryland State Rifle and Pistol Association, Inc. ("MSRPA") is a group organized to defend the right of Maryland residents to keep and bear arms. The Maryland restrictions on the public carrying of handguns at issue in this case are thus a direct affront to MSRPA's central mission. MSRPA has thousands of members who reside in Maryland. Its official address is 307 W. Pennsylvania Avenue, Towson, MD 21204. Plaintiff Malpasso is a member of MSRPA.

12.     Defendant William M. Pallozzi is the Maryland Secretary of State Police. As Secretary, he exercises, delegates, or supervises all the powers and duties of the Maryland Department of State Police. Under MD. CODE PUB. SAFETY § 5-301 *et seq.*, Defendant Pallozzi is responsible for executing, or delegating and supervising the execution of, Maryland's laws governing the carrying of handguns in public. His official address is Department of State Police, 1201 Reisterstown Road, Pikesville, MD 21208. He is being sued in his official capacity.

## FACTUAL ALLEGATIONS

### Maryland's "Good and Substantial Reason" Requirement

13.     Maryland law generally forbids any person to "wear, carry, or transport a handgun" in public, "whether concealed or open." MD. CODE CRIM. LAW § 4-203(a)(1). First time offenders who violate this prohibition are subject to imprisonment for up to three years, a

fine of up to $2,500, or both. *Id.* § 4-203(c)(2)(i). Aggravated offenders may be sentenced to up to 10 years in prison. *Id.* § 4-203(c)(4)(i).

14.     In addition to other minor exceptions for law enforcement officers, active-duty members of the U.S. Armed Forces, and the like, Maryland law allows an individual to carry a handgun in public if he first obtains "a permit to wear, carry, or transport the handgun" from the Maryland Secretary of State Police, Defendant Pallozzi. *Id.* § 4-203(b)(2); *see also* MD. CODE PUB. SAFETY § 5-303.

15.     To be eligible for such a permit (a "Handgun Carry Permit"), an applicant must satisfy numerous criteria. For example, the applicant must be an adult, must not have been convicted of any felony or any misdemeanor involving controlled substances, and must not be an alcoholic or addict to any controlled substance. MD. CODE PUB. SAFETY § 5-306(a). An applicant must also pass a background check, *id.* § 5305, must satisfy the Secretary, after investigation, that the applicant "has not exhibited a propensity for violence or instability that may reasonably render the person's possession of a handgun a danger to the person or to another," *id.* § 5-306(a)(6)(i), and must have completed an extensive firearms safety training course, *id.* § 5-306(a)(5).

16.     In addition to these rigorous screening and training requirements, the Secretary may issue a handgun carry permit only if he determines that the applicant "has good and substantial reason to wear, carry, or transport a handgun, such as a finding that the permit is necessary as a reasonable precaution against apprehended danger." *Id.* § 5-306(a)(6)(ii).

17.     Defendant Pallozzi has issued regulations implementing his power and authority over handgun carry permits. *See* MD. CODE REGS. 29.03.01 *et seq.* Those regulations provide that the investigation into an application for a handgun carry permit must determine "[t]he reasons

given by the applicant for carrying, wearing, or transporting a handgun, and whether those reasons are good and substantial," and "[w]hether the permit is necessary as a reasonable precaution for the applicant against apprehended danger." *Id.* 29.03.02.03.B(12), (13).

18.     Defendant Pallozzi has also issued an application form that applicants must use to apply for a Handgun Carry Permit. The instructions for that form state that an ordinary law-abiding citizen seeking to carry a handgun in public for "[p]ersonal [p]rotection" must provide "documented evidence of recent threats, robberies, and/or assaults, supported by official police reports or notarized statements from witnesses." *See* Maryland Department of State Police, Licensing Division Application at 2 (attached as Exhibit 1). And Maryland state courts have decided—in opinions referenced and included in the Department of State Police's webpage concerning Handgun Application Permits, https://goo.gl/M1p5A1—that living in a high-crime neighborhood or being subject to "vague threat[s]" are *not* sufficient "good and substantial reasons" to obtain a permit—since if they were, "[e]ach person *could decide for himself or herself* that he or she was in danger." *Snowden v. Handgun Permit Review Bd.*, 413 A.2d 295, 298 (Md. Ct. Spec. App. 1980) (emphasis added); *see also Scherr v. Handgun Permit Review Bd.*, 880 A.2d 1137, 1148–49 (Md. Ct. Spec. App. 2005).

19.     Accordingly, typical law-abiding citizens of Maryland—the vast majority of responsible citizens who cannot provide "documented evidence" of specific, recent threats to their safety—effectively remain subject to a flat ban on carrying handguns outside the home.

**Defendant's Refusal to Issue Plaintiffs Handgun Carry Permits**

20.     Plaintiff Malpasso is an adult citizen and resident of Maryland. He is not a law enforcement official or a member of the armed forces, and he does not fall within any of the

other exceptions enumerated in MD. CODE CRIM. LAW § 4-203(b)(1) to Maryland's ban on carrying handguns in public.

21.     Plaintiff Malpasso does, however, possess all of the qualifications to obtain a Handgun Carry Permit that are enumerated in MD. CODE PUB. SAFETY §§ 5-306(a)(1)–(5). He is an adult, he has not been convicted of any felony, misdemeanor carrying a sentence of more than a year imprisonment, or crime involving controlled substances; he is not an alcoholic, addict, or habitual user of a controlled substance; he has successfully completed the firearms training course required by Section 5-306(a)(5); and he has passed the background check required by Section 5-305.

22.     Plaintiff Malpasso does not have any concrete evidence of specific threats to his safety. He does, however, desire to carry a handgun in public for the purpose of self-defense. Mr. Malpasso lawfully owns several handguns which he keeps in his home to defend himself and his family, and he would carry a handgun for self-defense when he is in public, were it not for Defendant's enforcement of Maryland's ban on the public carrying of handguns.

23.     On or about January 7, 2018, Plaintiff Malpasso applied to Defendant Pallozzi for a permit to carry a handgun in public. Application of Brian Kirk Malpasso for a Handgun Permit (Jan. 7, 2018) (attached as Exhibit 2).

24.     After investigation, Defendant Pallozzi denied Plaintiff Malpasso's application. Maryland State Police, Notification of Denial (Mar. 23, 2018) (attached as Exhibit 3). Defendant Pallozzi did not determine that Mr. Malpasso has ever "exhibited a propensity for violence or instability," MD. CODE PUB. SAFETY § 5-306(a)(6)(i); but he concluded that Mr. Malpasso has no "good and substantial reason" to carry a handgun in public, because he did not provide evidence

of any concrete, present fear for his safety, such as harassment, stalking, or documented threats of violence. *See* Exhibit 3 at 1.

25.     In light of Defendant's denial of his application, Plaintiff Malpasso continues to refrain from carrying a handgun outside the home for self-defense in Maryland. Plaintiff Malpasso would carry a handgun in public for self-defense in Maryland where it lawful for him to do so.

26.     MSRPA has at least one member who has had an application for a Handgun Carry Permit denied, by Defendant Pallozzi, solely for failure to satisfy the "good and substantial reason" requirement. But for Defendant's continued enforcement of the Maryland laws and regulations set forth above, that member would forthwith carry a handgun outside the home for self-defense.

## COUNT ONE

### 42 U.S.C. § 1983 Action for Depravation of
### Plaintiffs' Rights under U.S. CONST. amends. II and XIV

27.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

28.     The Second Amendment's guarantee of "the right of the people to keep and bear Arms" secures to law-abiding, responsible, adult citizens the fundamental constitutional right to bear arms outside the home. U.S. CONST. amend. II.

29.     This Second Amendment right to bear arms in public applies against the State of Maryland under U.S. CONST. amend. XIV.

30.     This Second Amendment right to bear arms in public cannot be subject to a government official's discretionary determination of whether a law-abiding citizen has a "good and substantial reason" to exercise that right.

31.     A government restriction that limits the right to bear arms in public to only those few, favored citizens who can demonstrate a specific, clear, and present threat to their safety effectively operates as a flat ban on the carrying of handguns by *typical* law-abiding citizens, who by definition cannot demonstrate this kind of *atypical* need to bear arms.

32.     By infringing the Second Amendment right to bear arms in public in these ways, the Maryland laws and regulations discussed in the foregoing allegations violate the Second Amendment, which applies to Defendant by operation of the Fourteenth Amendment, both facially and as applied to Plaintiff Malpasso and members of Plaintiff MSRPA, and they are therefore invalid.

## PRAYER FOR RELIEF

33.     WHEREFORE, Plaintiffs pray for an order and judgment:

a.      Declaring that Maryland's "good and substantial reason" requirement violates the Second and Fourteenth Amendments and is thus devoid of any legal force or effect;

b.      Enjoining Defendant and his employees and agents from denying handgun carry permits to applicants on the basis of Maryland's "good and substantial reason" requirement;

c.      Enjoining Defendant and his employees and agents from enforcing the Maryland laws and regulations establishing and defining the "good and substantial reason" requirement, including MD. CODE PUB. SAFETY § 5-306(a)(6)(ii) and MD. CODE REGS. 29.03.02.03.B(12) & (13);

d.      Ordering Defendant and his employees and agents to issue handgun carry permits to Plaintiff Malpasso and members of Plaintiff MSRPA;

e.      Awarding Plaintiffs their reasonable costs, including attorneys' fees,

incurred in bringing this action, pursuant to 42 U.S.C. § 1988; and

f.      Granting such other and further relief as this Court deems just and proper.


Dated: April 12, 2018                          Respectfully submitted,


                                               s/ Nicole J. Moss
                                               Nicole J. Moss, Bar No. 20222
                                                  *Attorney of Record*
                                               David H. Thompson*
                                               Peter A. Patterson*
                                               John D. Ohlendorf*
                                               COOPER & KIRK, PLLC
                                               1523 New Hampshire Avenue, N.W.
                                               Washington, D.C. 20036
                                               (202) 220-9600
                                               (202) 220-9601 (fax)
                                               nmoss@cooperkirk.com

                                                  *Pro hac vice* application forthcoming


                                               *Attorneys for Plaintiffs*