IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRIAN KIRK MALPASSO et al., <br><br> Plaintiffs, <br><br> vs. <br><br> WILLIAM M. PALLOZZI, <br><br> Defendant. | Civil Action No. 1: 18-cv-1064-MJG |

**MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE IN SUPPORT OF DEFENDANT AND DISMISSAL**

Giffords Law Center to Prevent Gun Violence ("Giffords Law Center") respectfully moves for leave to file the attached *amicus curiae* brief in support of Defendant's Motion to Dismiss the Complaint. Giffords Law Center obtained Defendant's consent to file this Motion and contacted Plaintiffs' counsel to request consent, but did not receive a response.

Giffords Law Center is a national, nonprofit organization dedicated to reducing gun violence. The organization was founded in 1993 after a gun massacre at a San Francisco law firm and was renamed Giffords Law Center to Prevent Gun Violence in October 2017 after joining forces with the gun safety organization founded by former Congresswoman Gabrielle Giffords. Today, the organization provides comprehensive legal expertise in support of effective gun violence prevention policies and programs. Giffords Law Center has provided informed analysis of social science research and Second Amendment law as an *amicus* in many firearm-related cases, including challenges to concealed carry regulations like those at issue here. *See,*

1

*e.g.*, *Wrenn v. District of Columbia*, 864 F.3d 650 (D.C. Cir. 2017); *Woollard v. Gallagher*, 712 F.3d 865 (4th Cir. 2013); *Woollard v. Sheridan*, 863 F. Supp. 2d 462 (D. Md. 2012).[1]

Giffords Law Center has expertise with state laws and local policies restricting the concealed carry of handguns, and represents the interests of citizens—particularly victims of gun violence—who benefit from those laws. Giffords Law Center's proposed *amicus* brief identifies compelling new social science research examining concealed carry regulations that has emerged since *Woollard v. Gallagher*, 712 F.3d 865 (4th Cir. 2013). This new evidence confirms the correctness of the *Woollard* ruling and the Maryland legislature's policy choice to adopt strong concealed carry permitting standards.

The Fourth Circuit recognizes that interested parties may file district court *amicus* briefs and "make useful contributions to litigation." *Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013). District courts have discretion whether to grant leave to appear as an *amicus curiae*, *Bryant v. Better Bus. Bureau*, 923 F. Supp. 720, 728 (D. Md. 1996), and their discretion may be informed by Federal Rule of Appellate Procedure 29, which requires explanation of "why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(b)(2).

Giffords Law Center's participation in this case is desirable because the organization has a "special interest in the outcome" of this case, *Am. Humanist Ass'n v. Maryland-Nat'l Capital Park & Planning Comm'n*, 303 F.R.D. 266, 269 (D. Md. 2014), and the principles at stake here—including the ability of state legislatures and law enforcement officials to regulate and

---

[1] Several courts have cited research and information from Giffords Law Center's *amicus* briefs in Second Amendment rulings. *E.g.*, *Stimmel v. Sessions*, 879 F.3d 198, 208 (6th Cir. 2018); *Peruta v. Cty. of San Diego*, 824 F.3d 919, 943 (9th Cir. 2016) (en banc) (Graber, J., concurring). Giffords Law Center filed these briefs under its former name, the Law Center to Prevent Gun Violence.

oversee the public concealed carrying of guns with the aim of reducing armed violence—are fundamental to Giffords Law Center's mission and critically important to its members. Its proposed *amicus* brief will help the Court evaluate the parties' claims by presenting relevant evidence about timely social science research that supports Maryland's concealed carry policies.

For the foregoing reasons, Giffords Law Center respectfully requests that the Court grant its motion for leave to file an *amicus* brief.

|  |  |
|---|---|
| | Respectfully submitted, |
| | s/*Daniel T. Grant* |
| | DANIEL T. GRANT (BAR NO. 19659) |
| | NANDINI SINGH |
| | ALLISON M. WHELAN |
| | COVINGTON & BURLING LLP |
| | 850 Tenth Street, NW Washington, DC 20001 |
| | (202) 662-6000 |
| | dgrant@cov.com |
| | |
| | SIMON J. FRANKEL |
| | COVINGTON & BURLING LLP |
| | One Front Street, 35th Floor |
| | San Francisco, CA 94111 |
| | (415) 591-6000 |
| | |
| | J. ADAM SKAGGS |
| | GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE |
| | 223 West 38th St. # 90 |
| | New York, NY 10018 |
| | (917) 680-3473 |
| | |
| | HANNAH SHEARER |
| | GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE |
| | 268 Bush St. # 555 |
| | San Francisco, CA 94104 |
| | (415) 433-2062 |
| June 18, 2018 | |
| | Attorneys for *Amicus Curiae* Giffords Law Center to Prevent Gun Violence |

# CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2018, I electronically filed the foregoing brief with the Clerk of the Court for the United States District Court for the District of Maryland via the CM/ECF System. I certify that all counsel in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                    s/*Daniel T. Grant*
                                                    DANIEL T. GRANT (BAR NO. 19659)

SO ORDERED, on <u>Thursday, June 21, 2018</u>.

                                                      _____/s/_____
                                                        Marvin J. Garbis
                                           United States District Judge