IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN KIRK MALPASSO, *et al.*
   *Plaintiffs*,

v.

WILLIAM M. PALLOZZI
   *Defendant*.

Civil Action No. ELH-18-1064

# MEMORANDUM[1]

Brian Kirk Malpasso and the Maryland State Rifle and Pistol Association, Inc., plaintiffs, filed a Complaint for Declaratory and Injunctive Relief against William M. Pallozzi, in his official capacity as the Secretary of Maryland's Department of State Police. ECF 1. Exhibits are appended to the suit. Plaintiffs allege a violation of their rights under the Second Amendment to the Constitution and seek, *inter alia*, "a declaration that Maryland's limitation of the right to carry handguns to those who can satisfy licensing officials that they have a 'good and substantial reason' to exercise that right is unconstitutional under the Second and Fourteenth Amendments to the United States Constitution." *Id.* at 1. Plaintiffs also seek an injunction that would compel the defendant to cease enforcement of the Maryland law that purportedly limits plaintiffs' constitutional right to carry handguns outside the home. *Id.* at 1-2. The Complaint contains one Count, asserting deprivation of constitutional rights, pursuant to 42 U.S.C. § 1983. *Id.* at 8.

Defendant has moved to dismiss the suit under Fed. R. Civ. P. 12(b)(6) (ECF 12), supported by a memorandum (ECF 12-1) (collectively, the "Motion"). Plaintiffs oppose the Motion. ECF 20.

---

[1] This case was originally assigned to Judge Marvin Garbis. It was reassigned to me on September 5, 2018, due to Judge Garbis's retirement.

The Court has also received amicus curiae briefs from the following organizations: Everytown For Gun Safety (ECF 16), with an Appendix (ECF 17); Giffords Law Center To Prevent Gun Violence (ECF 19); and the National Rifle Association of America, Inc. (ECF 21-1), with an Appendix (ECF 21-2).

The issues have been fully briefed. No hearing is necessary. *See* Local Rule 105.6.

Defendants assert that plaintiffs fail to state a claim upon which relief can be granted because there is a controlling decision of the United States Court of Appeals for the Fourth Circuit, holding that Maryland's application of the "good and substantial reason" requirement does not violate the Second Amendment. ECF 12-1 at 1, 4-5 (citing *Woollard v. Gallagher*, 712 F.3d 865 (4th Cir. 2013)).

Plaintiffs agree that *Woollard* is controlling. In their Complaint (ECF 1, ¶ 6), they assert:

> Plaintiffs acknowledge that the result they seek is contrary to *Woollard v. Gallagher*, 712 F.3d 865 (4th Cir. 2013), but, for the reasons explained in *Wrenn v. District of Columbia*, 864 F.3d 650 (D.C. Cir. 2017), that case was wrongly decided. They therefore institute this litigation to vindicate their Second Amendment rights and to seek to have *Woollard* overruled.

And, in their Opposition, plaintiffs state, ECF 20 at 1: "To be sure, as Maryland points out, the Fourth Circuit—in precedent we concede is binding on this Court at this stage in the litigation—has upheld Maryland's 'good and substantial reason' limit."

The Fourth Circuit's decision in *Woollard* is controlling here. A discussion of the merits of the case is unnecessary, as *Woollard* requires the Court to grant defendant's Motion to Dismiss.

An Order follows.

Date: October 15, 2018   /s/
Ellen L. Hollander
United States District Judge